FILED
U.S. District Court
District of Kansas
11/10/2025
Clerk, U.S. District Court
By mv Deputy Clerk

# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **CASE NO.** 25-6240-01-BGS

**JOSE GUILLERMO URIBE PEREZ,**

**Defendant.**

# CRIMINAL COMPLAINT

I, the undersigned complainant, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

## COUNT 1

**UNLAWFUL REENTRY AFTER DEPORTATION**
**[8 U.S.C. § 1326(a) & (b)(1)]**

On or about October 25, 2025, in the District of Kansas, the defendant,

**JOSE GUILLERMO URIBE PEREZ,**

a person who is not a citizen and national of the United States, and who previously was deported, removed, and excluded from the United States, on or about July 31, 2018, at or near, Laredo, Texas; and who failed to obtain the consent of either the Attorney General of

the United States or the Secretary of Homeland Security to reapply for admission into the United States, was found in the United States after knowingly and voluntarily reentering the United States.

In violation of Title 8, United States Code, Sections 1326(a) & (b)(1).

I further state that I am a Deportation Officer for the U.S. Immigration and Customs Enforcement, and that this Complaint is based upon the following facts:

See accompanying Affidavit, which is incorporated by reference as though set out in full herein and offered in support of a find that probable cause exists to believe the defendant, JOSE GUILLERMO URIBE PEREZ, committed the offense set forth in this Complaint.

JOHN V. FERREIRA
Special Agent
Homeland Security Investigations (HSI)

Sworn to before me and subscribed telephonically this 10th day of November 2025, at Wichita, Kansas.

After reviewing this Complaint and the accompanying Affidavit, there is probable cause to believe that the defendant, JOSE GUILLERMO URIBE PEREZ, committed the offenses set forth in this Complaint.

Brooks Severson
HONORABLE BROOKS SEVERSON
United States Magistrate Judge
District of Kansas

## PENALTIES

**Count 1: 8 U.S.C. § 1326(a) – Unlawful Reentry After Deportation**

The reentry of an alien who has previously been denied admission, excluded, removed, or deported, is a felony, with criminal penalties of:

- Punishable by a term of imprisonment of not more than two (2) years. 8 U.S.C. § 1326(a).
- A term of supervised release of not more than one (1) year. 18 U.S.C. § 3583(b)(3).
- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

An alien whose removal was subsequent to a conviction for three or more misdemeanors involving drugs, crimes against person, or both, or a felony (other than aggravated felony), is a felony, with criminal penalties of:

- Punishable by a term of imprisonment of not more than ten (10) years. 8 U.S.C. § 1326(b)(1).
- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).
- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

If committed after an aggravated felony conviction, then:

- Punishable by a term of imprisonment of not more than twenty (20) years. 8 U.S.C. § 1326(b)(2).
- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).
- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).
- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).